UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
WESTCHESTER BUILDING COMPANY, LLC, :
: 07 CIV 6386 (LAK)
Plaintiff, :
: **DECLARATION OF JAY R.**
-against- : **SPEYER IN SUPPORT OF**
: **MOTION FOR MORE**
AMERIQUEST MORTGAGE COMPANY, : **DEFINITE STATEMENT**
: **PURSUANT TO FRCP 12(e)**
Defendant. :
------------------------------------------------------------x

      Jay R. Speyer hereby declares the following to be true and correct under penalty of perjury:

      1.    I am a senior counsel of the law firm of Morrison Cohen LLP, attorneys for Defendant Ameriquest Mortgage Company ("Defendant"). As such, I am fully familiar with the facts and circumstances surrounding this action.

      2.    I submit this declaration in support of Defendant's motion for a more definite statement of allegations set forth in the Amended Complaint dated July 25, 2007 (the "Amended Complaint").

      3.    Attached hereto as Exhibit A is a true and correct copy of the Amended Complaint (with exhibit).

      4.    Paragraphs 8 and 9 of the 14-paragraph Amended Complaint provide as follows:

> 8. Pursuant to the Lease, Defendant is obligated to Plaintiff for all base and additional rent and other charges payable by Tenant, for so long as Defendant is in possession of the Premises.
>
> 9. Defendant violated its obligations pursuant to the Lease by failing to pay base rent and additional rent for the

> month of July 2007, in the total amount of Four Hundred Twelve Thousand One Hundred Sixty-Nine Dollars and Eighty-Eight Cents ($412,696.88) by the 1st day of July, 2007.

(Ex. 1 at ¶¶ 8-9.) Plaintiff also alleges therein that Defendant breached the Lease by refusing to "pay base rent and additional rent ..." and that "[t]here is currently due to Plaintiff an amount of $412,696.88 in unpaid and/or lost for the month of July 2007, which continues to remain unpaid." (*Id.* at ¶¶ 12, 13.) Nowhere does Plaintiff specify the nature and amount of the "additional rent" sought or the precise amount allocated toward "base rent." As such, these allegations are ambiguous and require a more definite statement.

5. More specifically, the Amended Complaint simply fails to provide adequate notice as to the following: (1) how Plaintiff arrives at the damages figure and what comprises such figure; (2) how much of the alleged damages figure, if any, is attributable to "additional rent"; and (3) if any portion of the damages figure is attributable to "additional rent" as alluded to in the pleading, then the nature of the "additional rent" alleged and specifically, what items, Plaintiff is including in "additional rent."

6. In the absence of further information concerning the alleged damages and further identification of the specific nature of the breach alleged in the Amended Complaint, Defendant is unable to determine, among other things, whether it should admit or deny the allegations, what affirmative defenses it may have, or whether it should move to dismiss all or any portion of the claim. Accordingly, as the Amended Complaint is unclear with respect to the precise nature and factual basis of the claim therein, Plaintiff should be ordered to set forth a

#912445 v2 \17481 \024

2

more definite statement of such allegations so that Defendant can properly frame its response.

Dated: New York, NY
August 31, 2007

                                                                                        _____
                                                                                         Jay R. Speyer

#912445 v2 \17481 \024