UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WESTCHESTER BUILDING COMPANY, LLC,

              Plaintiff,

   -against-

AMERIQUEST MORTGAGE COMPANY,

              Defendant.
------------------------------------------------------------x

07 CIV 6386 (LAK)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT OF ALLEGATIONS SET FORTH IN THE AMENDED COMPLAINT

Of Counsel:

Donald H. Chase (DC-6708)
Jay R. Speyer (JS-9812)

MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600

*Attorneys for Defendant*

Defendant Ameriquest Mortgage Company ("Ameriquest" or "Defendant"), through its attorneys, Morrison Cohen LLP, respectfully submits this memorandum of law in support of its motion for an order pursuant to Rule 12(e) of the Federal Rules of Civil Procedure requiring Plaintiff Westchester Building Company ("WBC" or "Plaintiff") to set forth a more definite statement of certain allegations set forth in the Amended Complaint dated July 25, 2007 (the "Amended Complaint").

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Jay R. Speyer dated August 31, 2007 (the "Speyer Decl.") and in the Amended Complaint annexed as an exhibit thereto and will not be repeated herein except to the extent necessary to support the argument set forth below.

## ARGUMENT

### PURSUANT TO RULE 12(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE, DEFENDANT IS ENTITLED TO A MORE DEFINITE STATEMENT CONCERNING CERTAIN ALLEGATIONS SET FORTH IN THE AMENDED COMPLAINT BY PLAINTIFF

Rule 12(e) of the Federal Rules of Civil Procedure provides as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. Proc. 12(e) (2007). Here, the Amended Complaint fails to give Defendant sufficient notice as to the claim set forth therein and a more detailed statement of certain allegations is thus necessary so that Defendant can adequately respond to such allegations.

#912473 v1 \17481 \024

Paragraphs 8 and 9 of the 14-paragraph Amended Complaint provide as follows:

8. Pursuant to the Lease, Defendant is obligated to Plaintiff for all base and additional rent and other charges payable by Tenant, for so long as Defendant is in possession of the Premises.

9. Defendant violated its obligations pursuant to the Lease by failing to pay base rent and additional rent for the month of July 2007, in the total amount of Four Hundred Twelve Thousand One Hundred Sixty-Nine Dollars and Eighty-Eight Cents ($412,696.88) by the 1st day of July, 2007.

(Speyer Decl., Ex. 1 at ¶¶ 8-9.) Similarly, Plaintiff further proceeds to allege that Defendant breached the Lease by refusing to "pay base rent and additional rent ..." and alleges that "[t]here is currently due to Plaintiff an amount of $412,696.88 in unpaid and/or lost for the month of July 2007, which continues to remain unpaid." (*See* Speyer Decl., Ex. 1 at ¶¶ 12, 13.) Nowhere does Plaintiff specify the nature and amount of the "additional rent" sought or the precise amount allocated toward "base rent." As such, these allegations are ambiguous and require a more definite statement.

Without further clarification as to these allegations and the method of calculation used in connection with the alleged damages in the amount of $412,696.88, Defendant simply does not have sufficient information to interpose an answer to the Amended Complaint. The Amended Complaint, in its current form, simply does not provide adequate notice as to, among other things, the following: (1) how Plaintiff arrives at the damages figure and what comprises such figure; (2) how much of the alleged damages figure, if any, is attributable to "additional rent"; and (3) if any portion of the damages figure is attributable to "additional rent" as alluded to in the pleading, then the nature of the "additional rent" alleged and specifically, what items,

#912473 v1 \17481 \024

2

Plaintiff is including in "additional rent."[1] Where it is unclear how a figure has been calculated or what it is based on, it has been held that a plaintiff should provide a more detailed statement of the allegations. *See* In re Pharmaceutical Industry Average Wholesale Price Litigation, No. 01-12257, 2004 WL 2387125, at * 2 (D. Mass. Oct. 26, 2004) (Court required plaintiff to provide a more definite statement of its method of calculation in connection with allegations in the complaint pursuant to 12(e)).

In the absence of further information concerning the alleged damages and further identification of the specific nature of the breach alleged in the Amended Complaint, Defendant is unable to determine, among other things, whether it should admit or deny the allegations, what affirmative defenses it may have, or whether it should move to dismiss all or any portion of the claim. Additionally, to the extent Plaintiff is alleging that Defendant has failed to pay "additional rent", then Defendant is entitled to be put on notice as to the manner in which it has allegedly failed to pay additional rent (*i.e.*, what comprises the additional rent that Plaintiff alleges has not been paid). Indeed, it is well settled that "[t]he essence of a complaint is to inform the defendant as to the general nature of the action and the incident out of which a cause of action arose." Bower v. Weisman, 639 F. Supp. 532, 539 (S.D.N.Y. 1986) (granting, in part, motion for more definite statement due to ambiguity in identification of particular defendants). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."

---

[1]   Pursuant to Article 22 of the Lease, "additional rent" can refer to many different things. (*See* Speyer Decl., Ex. 1 at 39-45.) For instance, "additional rent" can refer to tax escalation payments (Section 22.01) and/or operating expenses (Section 22.02) that can be comprised of any one of nineteen separate and different items (Section 22.02(1)-(19)) or a combination thereof. By way of example, labor costs, common area costs, costs of materials, insurance premiums, taxes, legal fees, accounting costs, independent contractor fees and management fees are among the nineteen different items that fall within the meaning of operating expenses that could qualify as all of part of any "additional rent" pursuant to the Lease. (*Id.*)

#912473 v1 \17481 \024

<u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002). Accordingly, as the Amended Complaint is unclear with respect to the precise nature and factual basis of the claim therein, Plaintiff should be ordered to set forth a more definite statement of such allegations so that Defendant can properly frame its response.

## CONCLUSION

For all of the foregoing reasons as well as those set forth in the accompanying declaration of Jay R. Speyer and the exhibit attached thereto, Defendant respectfully requests that this Court grant its motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      August 31, 2007

MORRISON COHEN LLP

By: _____
    Donald H. Chase (DC-6708)
    Jay R. Speyer (JS-9812)

909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendant*

#912473 v1 \17481 \024

4